UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER JONES                                                    PLAINTIFF

V.                                          CIVIL ACTION NO. 3:21-CV-30-CWR-ASH

EMILY SANDERS, ET AL.                                               DEFENDANTS

ORDER

Pro se Plaintiff Christopher Jones is again before the Court with a Supplement to Motion to Reopen Case [210] and a Motion to Substitute Parties [211]. As explained below, Jones's motion to reopen is denied because he has again failed to attach competent *evidence*—such as an affidavit or a declaration under penalty of perjury—supporting his assertion that the settlement agreement was breached. And the motion to substitute is likewise denied.

This is not the first—or second—time Jones has moved to enforce the settlement agreement the parties reached on March 19, 2024. As the Court noted in its order denying Jones's initial motions, a motion to enforce a settlement agreement must "be supported by evidence in the form of a sworn declaration or affidavit;" Jones's unsworn recitation of the facts in the body of his motions "does not suffice." Order [198] at 4; *accord* Order [208] at 1.

Jones's new motion to reopen suffers from the same deficiency: it relies on his unsworn statement that Defendants Emily and Merrick Sanders made "no payment" toward satisfaction of the settlement agreement. Mot. [210]. Simply put, there is presently no *evidence* before the Court that the Sanderses breached the settlement agreement, and Jones *must prove* a breach in order to obtain a Court order enforcing the agreement. *See Sundown Energy, L.P. v. Haller*, 773 F.3d 606, 611 (5th Cir. 2014) ("[T]he construction and enforcement of settlement agreements is governed by the principles of state law applicable to contract generally." (quoting *E. Energy, Inc.*

*v. Unico Oil & Gas, Inc.*, 861 F.2d 1379, 1380 (5th Cir. 1988))); *Papin v. Univ. of Miss. Med. Ctr.*, 673 F. Supp. 3d 829, 836–37 (S.D. Miss. 2023) ("Under Mississippi law, a plaintiff asserting [a] breach-of-contract claim has the burden to *prove by a preponderance of the evidence* (1) that a valid and binding contract exists; and (2) that *the defendant . . . breached it . . . .*" (quoting *White v. Jernigan Copeland Atty's, PLLC*, 346 So. 3d 887, 896 (Miss. 2002))) (emphasis added).[1]

Turning to the motion to substitute, Jones explains that Defendants Emily and Merrick Sanders have both died since the parties settled the case. He asks the Court to "substitut[e] the Estate of Emily Sanders and the Estate of Merrick Sanders, by and through their respective personal representatives or administrators, as defendants." Mot. [211] at 1. Because Jones has repeatedly failed to establish—through competent evidence—a breach of the settlement agreement warranting an order of enforcement, the Court finds the request to substitute premature. There are other problems with Jones's motion. For starters, an estate must exist before the Court can substitute it as a party, and nothing in the record suggests that estates have been opened for Emily or Merrick Sanders.[2] If there are no estates, perhaps Jones could petition the appropriate chancery court(s) to open estates and appoint administrators. At that point, he would need to serve the estates with any subsequent motion to substitute parties "as provided in

---

[1] Jones did submit an affidavit in support of his motion—that of Linda Hough, who disclaims that she never spoke to Emily Sanders about providing financing to fund the settlement. Hough Aff. [210-3]. But Hough's affidavit does not establish that the Sanderses failed to pay any amounts owed under the settlement agreement.

[2] The Court's cursory search in the Mississippi Electronic Courts system indicates that estates do not appear to have been opened in Mississippi.

Rule 4." Fed. R. Civ. P. 25(a)(3). But, again, none of this has occurred at this point. So on the record before it, the Court denies the motion to substitute parties.[3]

In sum, Jones's motions [210, 211] are both denied without prejudice.

**SO ORDERED AND ADJUDGED** this the 15th day of June, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court is also not convinced that seeking to reopen this case and enforce the settlement agreement is necessary or that it is Jones's only avenue to pursue the allegedly breached settlement agreement. Ultimately, in order to collect on the debt the Sanderses owed him at their deaths, Jones presumably will need to pursue a claim with the estates in the probate proceeding. The Court is not directing how Jones should proceed, but given Jones's repeated filing of defective motions to enforce the settlement agreement, the Court would hope Jones would evaluate whether the alleged breach of the settlement agreement needs to be reduced to a judgment in *this Court* in order for Jones to pursue it in probate. Indeed, perhaps it would be prudent for Jones, who has so far proceeded pro se, to engage counsel.